1836.

Sanders
v.
Marcelious.

SANDERS and GROOT *vs.* MARCELIOUS and another.

Where a motion to discharge a ne exeat was granted with costs, but before such costs were made out the complainants stipulated to dismiss their bill with costs to the adverse parties ; *Held* that the costs upon the motion should be taxed with the general costs in the cause, and that the defendants' solicitor was not entitled to the extra expense of making out and tax-ing two separate bills of costs.

The solicitor of the guardian ad litem of an infant is not entitled to charge for a copy of the order appointing the guardian, to be served on the ad-verse party. The service of a notice of such appointment is all that is ne-cessary.

A petition for the appointment of a guardian ad litem for an infant need not, if properly drawn, contain more than two or three folios, including the jurat ; and where the solicitor charged and the taxing officer allowed 18 folios therefor, it was held to be extortionate and oppressive.

Where several subjects are embraced in the same notice the solicitor is not entitled to charge for drawing and serving more than one notice.

Where a suit is discontinued before the putting in and service of an answer, if the defendants' solicitor on taxation claims an allowance for drawing and preparing copies of the answer, he must, in addition to his affidavit that the draft of the answer was prepared and copies thereof made before he had notice of the discontinuance of the suit, produce such answer before the taxing officer for the inspection of the adverse party.

September 20.    THIS case came before the chancellor upon cross applica-tions for a retaxation of the defendants' costs. A writ of ne exeat was allowed upon the filing of the bill, and the guardian ad litem of one of the defendants, who was an in-fant, was also the solicitor for the other defendant. The writ of ne exeat was afterwards discharged, with costs, be-fore answer ; and the complainants were permitted to dis-continue their suit without prejudice to their right to file a new bill. Two days thereafter their solicitor served upon the agent of the defendants' solicitor a stipulation to dismiss their bill with costs. The defendants' solicitor afterwards made out and served two distinct bills of costs, with notice of taxation ; one for the costs of the special motion, and the other for the general costs of the suit ; and the bills were taxed separately as two distinct bills, although the complain-ants' agent objected that only one bill of costs was necessary

or proper. The agent also objected to the allowance of any item on taxation without some proof that the service was actually performed ; but, in regard to many of the items, the taxing officer decided that the assertion of the defendants' solicitor that the services had been performed was sufficient evidence of the fact. An affidavit in support of some of the items was produced on the taxation, but the agent could not obtain a copy thereof from the taxing officer, the same having been mislaid, or taken away by the defendants' solicitor. Among other items allowed upon the taxation, was a petition of 17 folios, and a copy and engrossment thereof, and one additional folio for the jurat, to obtain the appointment of the guardian ad litem. The taxing officer also allowed for the draft, engrossing, and copy to serve, of an answer of 180 folios, which had not been served upon the complainants' solicitor, or filed; upon an affidavit that it contained that number of folios, and without giving the complainants' agent an opportunity to examine the answer to see whether the matter contained therein was relevant or proper, or whether the whole which was charged as draft was original matter. Three items were disallowed by the taxing officer, as to which the defendants solicitor applied for a retaxation.

*J. Rhoades,* for the complainants.

*A. Taber,* for the defendants.

THE CHANCELLOR. Neither of the items as to which the defendants' solicitor asks a retaxation were properly taxable against the complainants, even if he had produced evidence before the taxing officer that the services were actually performed. But as the complainants' agent objected to the allowance of any item without some proof that the services had been performed, that of itself was a sufficient ground for rejecting those items, in the absence of such proof. Copying of the order appointing the guardian ad litem, and serving the copy on the complainants' solicitor was an unnecessary proceeding. The charge in the bill of costs, of

the notice of the *appearance* of the guardian, but which should have been notice of the *appointment* of such guardian, was the only proper charge.

As the statute prohibits the allowance of a charge for any service which has not been actually performed, if two subjects are embraced in the same notice, only one notice can be allowed if objected to on the taxation. The affidavit of the defendants'. solicitor shows that the motion to discharge the ne exeat was not made in term; and he was not therefore, entitled to the charge of one dollar·and fifty cents. But if his agent actually attended upon the argument of the motion, and was not the same person to whom an allowance is made as counsel upon the same motion, he was entitled to an allowance of one dollar for such attendance; according to the decision of this court in *Rogers* v. *Rogers*, (2 *Paige's Rep.* 471.) The defendants' motion for a retaxation must be denied, with costs.

Many of the items which were allowed upon the taxation were not properly taxable against the complainants, even if there had been an affidavit of the solicitor of the defendants that all the services charged in the bill had been actually performed. But as there must be a retaxation upon the ground that the taxing officer proceeded without the proper evidence of the performance of the services charged, I shall only advert to a few of those items. The solicitor was not entitled to the extra expenses produced by making out separate bills of costs. The bill being·dismissed with .costs before the costs upon the motion to discharge the ne exeat were made out, there was no good reason for charging those costs in a separate bill, except for the mere purpose of getting the extra costs of a separate proceeding to collect the same. Such a useless multiplication of costs is not to be encouraged or tolerated, and the whole must be made out and taxed in one bill. The proper course for the defendants was to file the complainants' stipulation, and to enter an order that the bill be dismissed with costs, and then to get his costs taxed· and to collect them upon the execution.

As the answer had never been served on the complainants' solicitor, or been seen by him, the defendants' solicitor, in ad-

dition to the affidavit that the draft and copies were actually made before he had any notice of the complainants' intention to discontinue the suit, should have produced the answer itself before the taxing officer; so that it could be seen whether it was unnecessarily prolix, and that the whole which was charged as the draft was actually such and not papers and documents inserted therein *in hæc verba.* The allowance of 18 folios for the petition and jurat to obtain the appointment of the guardian ad litem, was exorbitant and oppressive. The whole petition, if properly drawn, could not have exceeded two or three folios including the jurat. And the jurat should not have been allowed as a separate item in the bill of costs. (2 *Paige's Rep.* 51.)

After the complainants' agent had objected to the allowance of any item until the defendants' solicitor produced evidence that the service had been performed, (and under the circumstances of this case I think he was justified in requiring strict proof,) the taxing officer had no right to allow any item upon the mere assertion of the defendants' solicitor that the service had been performed. The proper course for the solicitor presenting the bill of costs for taxation, when such an objection is made, is to annex to the same a short affidavit that the services charged therein have been actually performed; that the number of folios therein charged do not exceed the actual number contained in the pleadings and proceedings, according to the best of his knowledge and belief; and that such services were necessary, or that he believed them to be necessary at the time they were performed. Such an affidavit when properly drawn will not exceed two or three folios; and if it is made necessary by the objections of the adverse party it may be added to the bill by the taxing officer.

The application of the complainants for a retaxation must be granted, but without costs to either party. The costs must be retaxed before the vice chancellor of the seventh circuit. The defendants' solicitor must make out a new bill of the costs upon the dismissal of the bill, including therein the costs of the motion to discharge the ne exeat and the costs of entering and enrolling the decree of dismissal and of

the execution thereon, and must annex thereto his affidavit of the correctness of the several items, in the form above suggested ; and he is not to be allowed upon the taxation for the costs of the answer unless he delivers the copy which has been prepared for the complainants to their solicitor at least eight days before the time appointed to attend before the vice chancellor upon such retaxation. Either party is to be at liberty to have the costs of opposing the defendants' application for a retaxation, offset against the costs upon the dismissal of the bill.